Citation Nr: 1714085 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 10-27 456A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUES

1. Entitlement to an increased rating in excess of 70 percent for posttraumatic stress disorder (PTSD) and major depressive disorder (MDD). 

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Finch, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1998 to January 1999, August 2000 to April 2001, and February 2003 to May 2004. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from July 2009 and July 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire.

The Veteran was scheduled to testify before the undersigned Veterans Law Judge in September 2014; however, he did not attend the hearing. Therefore, his hearing request is deemed withdrawn. See 38 C.F.R. § 20.702(d). Under these circumstances, the Board has no duty to offer the Veteran another hearing opportunity.

The of issues entitlement to an increased rating in excess of 70 percent for PTSD and MDD and entitlement to TDIU are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his behalf is required.


REMAND

The Board adjudicated the Veteran's claim for an increased rating in excess of 50 percent prior to December 7, 2012 in a June 2016 decision. The remainder of the time period on appeal for an increased rating in excess of 70 percent, as well as the Veteran's TDIU claim, were remanded to the RO in order to obtain updated treatment records and a VA examination. 

The Board has reviewed the recent evidence in this case but finds deficiencies. To date, the Veteran has not had a VA examiner address the extent to which his service-connected disabilities, taken as a whole, impact his ability to secure or follow a substantially gainful occupation. Previous findings have focused almost exclusively on his PTSD, which is certainly the disability with the highest (70 percent) disability rating assigned, but it is not his only service-connected disability.

Given the prominence of PTSD in the Veteran's disability picture, the Board finds that the appropriate recourse would be to request a VA mental health professional (a psychiatrist or psychologist) to conduct a new examination, taking into account all service-connected disabilities. Findings from this examination could also affect the Veteran's increased rating claim for PTSD, so action on that claim should be deferred on remand. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). 

While on remand, the RO also should attempt to obtain the Veteran's updated VA treatment records and any relevant private medical records.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request authorization to obtain any outstanding records pertinent to the claim, including any private treatment records following proper VA procedures. 

2. Afford the Veteran a new VA mental health examination, with a psychiatrist or psychologist. This examiner should address all of the Veteran's service-connected disabilities, to include his PTSD, irritable bowel syndrome (IBS), migraine headaches associated with residuals of traumatic brain injury (TBI), residuals of TBI, hearing loss associated with residuals of TBI, and tinnitus. 

After full consideration of the Veteran's employment and treatment history, the examiner must comment on the impact the Veteran's service-connected disabilities have on his employability. The examiner should describe the Veteran's ability to function in an occupational environment and should also document the Veteran's educational and work experience. 

Regardless of the opinion rendered, such opinion must take into account all service-connected disabilities, without regard to age, and contain a detailed rationale.

3. Finally, after completing the above actions, as well as any other development that may be warranted, the RO must readjudicate the Veteran's claims in light of all the evidence of record. If any benefit on appeal remains denied, a SSOC must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).